**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NASH INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:25-cv-1389 |
| | ) | |
| vs. | ) | |
| | ) | |
| MOPEKA PRODUCTS, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Nash Innovations, LLC ("Nash Innovations" or "Plaintiff"), by and through their undersigned attorneys, files this original Complaint against Mopeka Products, LLC ("Mopeka" or "Defendant") and hereby alleges:

## THE PARTIES

1.      Plaintiff, Nash Innovations, LLC, is a Florida limited liability company, having a principal place of business in Naples, Florida.

2.      Upon information and belief, Defendant, MOPEKA PRODUCTS, LLC, is a Texas limited liability company, having a principal place of business in New Braunfels, Texas, and may be served with service of process through its registered agent, Joel R. Moore, 445 FM 1983, Colorado City, Texas 79512, or wherever he may be found.

3.      Plaintiff, NASH INNOVATIONS, is in the business of, *inter alia*, making, using, offering for sale, and selling propane cylinder holders, i.e., propane tank stabilizers.

4.      Defendant is in the business of, *inter alia*, making, using, offering for sale, and selling propane cylinder holders, i.e., propane tank stabilizers.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

5.      Nash Innovations brings this action for patent infringement pursuant to 35 U.S.C. § 271, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

1

6.      This Court has specific personal jurisdiction over Defendant pursuant to due process and/or the Texas Long Arm Statute.  Defendant has sufficient minimum contacts with the forum because, *inter* alia, (i) Defendant has done and continues to conduct business in Texas including in this District and (ii) Defendant has, directly and through intermediaries, committed and continues to commit acts of patent infringement in Texas including in this District.  Moreover, Defendant actively directs its activities to customers located in the State of Texas and this District with its online presence on Amazon.com.  This has given rise to this action and has established more than minimum contacts with this District such that exercise of jurisdiction over Defendant in this Court would not offend traditional notions of fair play and substantial justice.

7.      Furthermore, this Court has general personal jurisdiction over Defendant, as Defendant is a Texas limited liability company with its principal place of business in this District. Thus, Defendant is subject to the personal jurisdiction in this Court and is amenable to service of process pursuant to Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.003 and Fed R. Civ. P. 4(e).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 in that, upon information and belief, Defendant operates its principal place of business within this District.  Defendant routinely does business within this district, Defendant has committed acts of infringement within this district, and Defendant continues to commit acts of infringement within this district.

## BACKGROUND FACTS

9.      Timothy S. Nash is the President and Chief Executive Officer of Nash Innovations, LLC., a firm specializing in product innovation, patent design, and manufacturer sourcing. Mr. Nash has spent over 16 years designing, marketing, distributing, and licensing products.

10.     Mr. Nash has protected his innovative products through utility patents issued by the United States Patent and Trademark Office. One of his innovative, patented products is directed to propane cylinder holders.

11.     On January 5, 2021, United States Patent No. 10,882,664 ("the '664 Patent"), entitled "Method and Apparatus for Covering a Portion of a Propane Cylinder," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"), priority date: May 7, 2015 (U.S. Provisional No. 62/158,342).  A true and correct copy of the '664 Patent is attached as **Exhibit A** to this Complaint.

12.     The '664 Patent is referred to herein as the "Patent-in-Suit."  By assignment, Nash Innovations owns all rights, title, and interest in and to the Patent-in-Suit.  Plaintiff has the right to sue and recover damages for the infringement of the Patent-in-Suit.

13.     At no time has Nash Innovations given Defendant permission, license, or authorization to use or practice the invention of any claims of the Patent-in-Suit.

14.     Plaintiff has complied with the statutory requirement of placing a notice of the Patent-in-Suit its goods embodying the invention of one or more claims of the Patent-in Suit that it offers for sale and sells. Specifically, Nash Innovations began selling its patented invention, Tank Tire, since March 12, 2016.

15.     On information and belief, Defendant designs, manufactures, markets, imports, and sells a Method and Apparatus for Covering a Portion of Propane Cylinder under the designation "Mopeka Tank Halo" as depicted on **Exhibit B** (the "Accused Product"), that infringes one or more claims of the Patent-in-Suit, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a).  As used herein, the term "Accused Product" includes any variations on the Mopeka Tank Halo branded product covered by one or more claims of the Patent-in-Suit, including without limitation variations in color.

16.     On December 20, 2016, Nash Innovations contacted the Defendant in an effort to partner together as many customers of Nash Innovations indicated that its product Tank Tire is used in conjunction with the Defendant's product, Tank Check Sensor.  The same day, Defendant indicated that they do not have any current interest in such a product and, instead, created its own product, the infringing Mopeka Tank Halo.

17.     Despite having been informed, at least as early as September 7, 2018, of the

3

publication of the '664 Patent and Defendant's potential infringement thereof, Defendant continues to sell, offer for sale, distribute, import, and/or manufacture the Accused Product. Further, Defendant was again informed of the '664 Patent and Defendant's infringement thereof on March 12, 2025.

18.     Plaintiff is informed and believes and thereupon alleges that the acts and conduct of Defendant complained of herein constitute willful infringement of the '664 Patent. To the extent that Defendant continues to sell the Accused Product after having received a copy of this Complaint, Defendant's infringement of the Patent-in-Suit will constitute willful infringement thereof.

## COUNT I

### (Infringement of U.S. Patent No. 10,882,664)

19.     Plaintiff hereby incorporates paragraphs 1 through 18, inclusive, herein by this reference.

20.     Defendant has directly infringed, and continues to directly infringe, at least one claim of the '664 Patent, either literally or under the doctrine of equivalents, including at least claim 1 thereof, under 35 U.S.C. § 271(a) by making, using, selling, and/or offering the Accused Product within the United States, and/or by importing the Accused Product into the United States.

21.     **Exhibit C** to this Complaint describes a non-limiting example of Defendant's infringement, based on Plaintiff's current information and belief. Plaintiff expressly incorporates by reference the infringement read of the claim chart, attached as Exhibit C. This description is based on publicly available information. Plaintiff makes this preliminary and exemplary identification of the infringing product and infringed claim without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's rules and any applicable Local Rules, and/or as is otherwise appropriate.

22.     Defendant has actual knowledge of Plaintiff's rights in the '664 patent and details

of Defendant's infringement of the '664 patent based on at least the filing, notice, and/or service of this Complaint.

23.    Defendant's infringement has caused, and is continuing to cause, damage and irreparable injury to Plaintiff, and Plaintiff will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  Plaintiff is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## DEMAND FOR JURY TRIAL

24.    Plaintiff hereby demands a jury trial of all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.    For a judgment in favor of Plaintiff that Defendant has infringed the '664 Patent;

b.    For a judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and its investors, partners, parents, subsidiaries, divisions, successors, and assigns, from (1) further acts of infringement of the Patent-in-Suit and (2) making, using, selling, importing, and offering for sale the product, during the pendency of this case or after a final judgment in this case;

c.    For an award of damages sufficient to compensate Plaintiff for Defendant's infringement of the Patent-in-Suit in an amount not less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

d.    For an award of damages sufficient to compensate Plaintiff for Defendant's infringement of the Patent-in-Suit in an amount not less than reasonable royalty under 35 U.S.C. § 154(d), together with pre-judgment and post-judgment interest and costs as of the date of the '664 Patent's publication, November 10, 2016.

e.    For a judgment in favor of Plaintiff that this case is "exceptional" under 35 U.S.C. § 285, and an award to Plaintiffs of their reasonable attorneys' fees, expenses, and costs incurred

in this action;

      f.      That Defendant be ordered to provide an accounting for the damages resulting from the infringement of the Patent-in-Suit, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, as applicable, including an accounting for infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

      g.      That the Court determine that Defendant's infringement of the Patent-in-Suit was willful and award Plaintiff treble damages under 35 U.S.C. § 284; and

      h.      That Plaintiff have such other, further, and different relief as the Court deems proper and just under the circumstances.

Dated: August 29, 2025                Respectfully submitted,

                                */s/ J. Roger Williams, Jr.*
                                J. Roger Williams, Jr.
                                (Tx Bar No. 21555650)
                                RICHARDS RODRIGUEZ & SKEITH, LLP
                                611 West 15th
                                Austin, Texas 78701
                                Tel: (512) 391-8237
                                rwilliams@rrsfirm.com

                                **Attorneys for Plaintiff**
                                **NASH INNOVATIONS, LLC.**

                                OF COUNSEL:

                                MARK B. MIZRAHI
                                (CA BAR NO. 179384)
                                Mark.mizrahi@saul.com
                                IRFAN HASSAM-MALANI
                                (IL BAR NO. 6339087)
                                Irfan.malani@saul.com
                                SAUL EWING LLP
                                1888 Century Park East, Suite 1500
                                Los Angeles, California 90067
                                Phone: (310) 255-6129
                                Fax: (310) 255-6229

                                **Attorneys for Plaintiff**
                                **NASH INNOVATIONS, LLC**.